CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
Sept. 29, 2016
JULIA C. DUDLEY, CLERK
BY: A. Melvin
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT DAVID BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:15-cv-00196 |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | ) By: Elizabeth K. Dillon<br>) United States District Judge |
| Defendant. | ) |

**MEMORANDUM OPINION**

    This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition of cross-motions for summary judgment filed by plaintiff Robert David Brown and defendant Carolyn W. Colvin (the commissioner). (Dkt. Nos. 16, 20.) After briefing and oral argument, the magistrate judge filed a report and recommendation on August 2, 2016, recommending that the court deny Brown's motion, grant the commissioner's motion, and affirm the Administrative Law Judge's (ALJ) final decision denying Brown disability insurance benefits (DIB) and supplemental security income (SSI). (R. & R., Dkt. No. 26.)

    Brown filed objections to the report, and the commissioner filed a response. (Dkt. Nos. 27, 28). The court has reviewed the report, Brown's objections, and the commissioner's response. For the reasons set forth herein, the court will adopt the report in full, grant the

1

Commissioner's motion for summary judgment, and deny Brown's motion for summary judgment.

## I. BACKGROUND[1]

Brown protectively filed for DIB and SSI on March 20, 2013, claiming he had been disabled since July 31, 2012, due to radiating back pain, leg pain, migraines, allergies, and numbness in his left leg and right foot. (R. 170–75, 176–84, Dkt. No. 8-1). Brown's initial claims were denied on September 19, 2013, and upon reconsideration on December 18, 2013. (R. 70–71, 101–102.) On January 2, 2014, Brown requested a hearing before an ALJ. (R. 124–25.) That hearing was held September 23, 2014. (R. 26–50.) Brown was represented by counsel and testified at the hearing, as did vocational expert Barry S. Hensley, Ed. D. (*Id.*)

The ALJ entered a decision on January 9, 2015, analyzing Brown's claims under the familiar five-step process of 20 C.F.R. §§ 404.1520(a) and 416.920(a). (R. 12–20.) Although the ALJ found that Brown's chronic headaches and lumbar spine degenerative disc disease with sciatica were severe impairments, he determined that Brown had the residual functional capacity (RFC) to perform light work with additional restrictions,[2] and was therefore not disabled. (R. 17.) In so finding, the ALJ determined that some of Brown's statements about the limiting effects of his migraines and back pain were not substantiated by objective medical evidence and were not entirely credible. The ALJ gave great weight the state agency medical consultants'

---

[1] The magistrate judge's report (R. & R. 2–4) and the administrative transcript (Dkt. No. 8-1) describe Brown's relevant medical history.

[2] The ALJ found that Brown could never climb ladders, ropes, or scaffolds; could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; could frequently handle and finger bilaterally; and should avoid concentrated exposure to vibration, moving machinery, unprotected heights, and hazards. (R. 17.)

2


opinions that Brown could perform a reduced range of light exertional activity,[3] which were consistent with objective evidence in the record. (R. 17–18.)

After the Appeals Council denied Brown's request for review of the ALJ's decision, (R. 1–3), Brown filed this action and moved for summary judgment. Brown challenged the ALJ's conclusion on several grounds. First, Brown argued that the ALJ failed to consider all evidence in the record, specifically evidence that Brown had complained of his migraines to providers at the Bradley Free Clinic and evidence that his back pain was aggravated by walking. Second, Brown argued that the ALJ failed to consider Brown's impairments in combination. Finally, Brown claimed that the ALJ's credibility findings were not supported by substantial evidence. (Pl.'s Summ. J. Br. 17–22, Dkt. No. 17.) The commissioner filed a cross-motion for summary judgment (Dkt. No. 20), and the motions were referred to the magistrate judge.

The magistrate judge recommended that this court grant the commissioner's motion for summary judgment, deny Brown's, and affirm the ALJ's decision. (R. & R. 1.) The magistrate judge disagreed with Brown's argument that the ALJ failed to consider all evidence related to Brown's migraines and back impairments. The report determined that the fact that the ALJ did not specifically address Brown's complaints of migraines to providers at the Bradley Free Clinic was not reversible error because the ALJ was not required to recite every piece of evidence in the record and none of those providers—or any of Brown's other doctors—testified that Brown's migraines limited his ability to work. The magistrate judge rejected Brown's arguments

---

[3] In their respective reports, both Dr. Astruc and Dr. Singer found that Brown could lift and/or carry 20 pounds occasionally and 10 pounds frequently and, in an eight hour workday, could stand and/or walk for six hours, and sit for six hours, with normal breaks. (R. 51–70, 73–100.) Dr. Astruc also found that Brown could climb ladders, ropes, or scaffolds occasionally; stoop and crawl occasionally; could frequently climb ramps and stairs, balance, kneel, and crouch; and had no manipulative limitations. (R. 56–57, 66–67.) Dr. Singer found that Brown could crouch only occasionally; could never crawl; could never climb ladders, ropes, or scaffolds; and had limitations in gross and fine manipulation. (R. 80–81, 96–97.)

3

regarding his back pain as well, noting that there were inconsistencies in the record as to its limiting effects, which justified the ALJ's conclusion.

The report also rejected Brown's argument that the ALJ failed to consider the cumulative effects of his impairments. Finally, the magistrate judge determined that the ALJ's credibility findings were supported by substantial evidence. Recognizing inconsistencies between Brown's subjective complaints and other evidence in the record, as well as evidence that Brown may have been overstating his symptoms, the magistrate judge deferred to the ALJ's credibility findings. Brown objected to the each of these conclusions.

## II. DISCUSSION

### A. Standard of Review

The court reviews the ALJ's final decision to determine whether it was supported by substantial evidence. 42 U.S.C. § 405(g); *Ridings v. Apfel*, 76 F. Supp. 2d 707, 708 (W.D. Va. 1999). "Substantial evidence" is

> evidence which a reasonable mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In reviewing an ALJ's decision, the court may not re-weigh the evidence or substitute its judgment for that of the ALJ, *Hays*, 907 F.2d at 1456; it must uphold the ALJ's determination if it was supported by substantial evidence and applied the correct law. *See id.*; *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations.").

The court must review de novo any portion of a magistrate's recommended disposition of a case to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C.

4

§ 636(b)(1)(C). However, general objections to the entirety of a magistrate judge's report do not warrant de novo review. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). A party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *see also Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Similarly, objections which merely reiterate arguments already presented need not be reviewed de novo. *See Brown v. Comm'r of Soc. Sec.*, 969 F. Supp. 2d 433, 437 (W.D. Va. 2013); *Veney*, 539 F. Supp. 2d at 846 (noting that allowing litigants a "second bite at the apple" effectively duplicates the district court's function, "and runs contrary to the purposes of the Magistrates Act") (quoting *Howard*, 932 F.2d at 509); *accord Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 n.4 (E.D. Va. 2015).

The court reviews any portion of the report to which no party has objected—or to which a party has noted only a general objection—for "clear error on the face of the record." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's notes); *see also Brown*, 969 F. Supp. 2d at 437 (noting that such portions are upheld "unless they are clearly erroneous or contrary to law"); *Veney*, 539 F. Supp. 2d at 844 ("Any part of the magistrate judge's disposition that has not been properly objected to is reviewed for, at most, clear error.").

## B. Analysis

As previously noted, Brown objects to the report's conclusion that substantial evidence supported the ALJ's finding. Brown argues that the ALJ failed to consider all of the medical evidence in the record regarding Brown's migraines and back impairment; that the ALJ failed to consider the combined effects of Brown's impairments; and that the ALJ's determination that

5

Brown was only partially credible was improper. In large part, these objections merely reword Brown's arguments in support of his motion for summary judgment. (*Compare* Pl.'s Summ. J. Br. *with* Pl.'s Obj.) The court reviews such general objections for clear error. *See Kasey v. Colvin*, No. 7:14-cv-143, 2015 U.S. Dist. LEXIS 125467, at *4–5 (W.D. Va. Sept. 21, 2015) ("Taking the report and recommendation section by section, Kasey objects to each of the magistrate judge's findings in that regard, essentially reiterating the same arguments raised in her summary judgment brief. Such general and conclusory objections do not warrant de novo review."); *Brown*, 969 F. Supp. 2d at 437 ("General objections . . . reiterating arguments already presented . . . have the same effect as a failure to object").

### 1. Evidence of Brown's Impairments

In his first objection, Brown argues that the ALJ failed to consider all evidence relating to his migraines and back impairment in finding him capable of performing a limited range of light work. Specifically, Brown points to his complaint to Dr. Burakgazi that his migraines caused light sensitivity, blurred vision, and nausea, and made him want to be still and quiet in a dark room. (R. 399.) He argues that the ALJ should have inferred from this that Brown's migraines limited his ability to work. Brown also argues that the ALJ failed to consider evidence that Brown reported to his doctor that his back pain was aggravated by walking, and that Dr. Daugherty completed paperwork for a handicap placard. These objections reiterate Brown's arguments before the magistrate judge (Pl.'s Summ. J. Br. 18–19), and do not require de novo review. *See, e.g.*, *Veney*, 539 F. Supp. 2d at 846.

The court finds no clear error in the report's analysis of these arguments. Contrary to Brown's objection, the ALJ clearly considered Brown's report to Dr. Burakgazi—he cited it directly. (R. 17.) That document merely recorded Brown's description of his symptoms; Dr.

Burakgazi offered no opinion that Brown's migraines prevented him from working. (R. 399.) Furthermore, evidence in the record supported the ALJ's conclusion that Brown's subjective complaints were not fully credible.[4] As the ALJ noted, the record did not reflect that Brown was receiving continuing treatment at emergency rooms or urgent care facilities consistent with the claimed severity of his migraines. (R. 17); *see Hicks v. Astrue*, No. 0:09-30530, 2011 U.S. Dist. LEXIS 12371, 8–9 (D.S.C. Feb. 7, 2011) (describing a claimant's few emergency room visits for migraines as a "piece[] of evidence contradicting the severity of her subjective complaints").

Brown's argument regarding his back pain is also unavailing. Although the ALJ must consider all relevant evidence, *e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997), he is under no obligation "to refer to every physical observation recorded regarding a Social Security claimant." *Blake v. Astrue*, No. 3:11-cv-317, 2012 U.S. Dist. LEXIS 71135, at *41 (S.D. W. Va. May 22, 2012) (quoting *White v. Astrue*, No. 2:08-cv-20, 2009 U.S. Dist. LEXIS 60309, at *11–12 (E.D.N.C. July 15, 2009)); *see also Aytch v. Astrue*, 686 F. Supp. 2d 590, 602 (E.D.N.C. 2010), *report and recommendation adopted*, 686 F. Supp. 2d 590 (E.D.N.C. 2010). Dr. Daugherty's record offered no medical opinion on Brown's ability to work, so it was not error for the ALJ not to discuss it. As the magistrate judge discussed, evidence of Brown's altered gait was countered by evidence of inconsistent test results and symptoms, periods of seeming recovery, and indications that Brown's invalid effort made him difficult to evaluate. (R. 305, 307, 310–12, 317, 324.) It is not the province of this court to weigh this evidence, and the

---

[4] Though Dr. Burkgazi's tests did not provide objective indications of Brown's migraine symptoms (*see* R. 398-402), that fact is not independently dispositive. *See Taylor v. Astrue*, No. 7:10-cv-149, 2011 U.S. Dist. LEXIS 73528, at *17–19 (E.D.N.C. May 23, 2011). Brown's allegations as to the extent of his pain "may not be discredited simply because they are not confirmed by objective evidence." *Mickles v. Shalala*, 29 F.3d 918, 925 (4th Cir. 1994) (Luttig, J., concurring).

7

court will not substitute its judgment for that of the ALJ. *See Hays*, 907 F.2d at 1456. Because the court finds no clear error in the magistrate's analysis, Brown's objection will be overruled.

### 2. Cumulative Effect of Impairments

In his second objection, Brown argues—as he did before the magistrate judge—that the ALJ fragmentized consideration of his migraines and lumbar impairment, instead of considering them together. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (noting that an ALJ must consider "the combined effect of a claimant's impairments and not fragmentize them"). Because this is a general objection, the court reviews the report for clear error. As the report makes clear, the ALJ explicitly considered Brown's impairments in combination (R. & R. 11; R. 16) and recited the symptoms which Brown claims he failed to analyze. The ALJ simply determined that Brown's statements about their limiting effects were not credible. (R. 18.) The court finds no clear error in the magistrate judge's analysis.[5]

### 3. Credibility

Lastly, Brown objects to the magistrate judge's conclusion that substantial evidence supported the ALJ's credibility findings. Beyond conclusory statements that these findings were erroneous, Brown argues that evidence of his altered gait, difficulty walking, and Dr. Daugherty's completion of paperwork for a handicap placard, compel the conclusion that Brown's impairments prevent him from doing light work. Brown also argues that the magistrate judge failed to address the ALJ's erroneous finding that medication controls plaintiff's migraine

---

[5] The magistrate judge indicated that Brown did not identify any limitations which the ALJ should have included in the RFC, or explain how the ALJ failed to consider combined impairments. (R. & R. 11.) Based on that statement, Brown argues that the magistrate judge improperly required him to prove that the ALJ failed to consider his impairments in combination. The court disagrees. The magistrate judge did not require Brown to identify specific flaws in the ALJ's reasoning; the report simply noted, after properly reviewing the ALJ's analysis (*id.*), that Brown did not identify any specific functional limitations which he claimed the ALJ should have found.

symptoms. Again, Brown made these arguments before the magistrate judge (*see* Pl.'s Summ. J. Br. 22), and they do not require de novo review.

The court finds no clear error in the magistrate judge's analysis of the ALJ's credibility findings.[6] Though medical records reflect Brown's altered gait and difficulty walking, other records show inconsistent test results, reports that Brown's limp was inconsistent, and evidence that Brown would not give "anywhere near maximum effort" on isokinetic testing. (R. 305–312, 317, 324.) The ALJ did not conclude that medicine controlled Brown's migraines; he simply found his complaints about their severity not credible. In light of conflicting evidence on these issues, the magistrate judge properly deferred to the ALJ's credibility determination. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]."); *accord Kasey*, No. 7:14-cv-143, 2015 U.S. Dist. LEXIS at *20 ("Credibility determinations are emphatically the province of the ALJ, not the court."). Accordingly, the court will adopt the magistrate judge's report.

### III. CONCLUSION

For the foregoing reasons, the court will adopt the magistrate judge's recommendation in full. The court will grant the commissioner's motion for summary judgment, deny Brown's, and

---

[6] In March 2016, the Social Security Administration ruled in SSR 16-3P that "credibility" is not appropriate terminology to be used in determining benefits. *See* Soc. Sec. Ruling 16-3P; Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Mar. 16, 2016) ("[W]e are eliminating the use of the term 'credibility from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character."). The older ruling was still in effect at the time of the ALJ's decision and neither party has challenged its application here. Under that updated guidance, it remains the ALJ's province to determine whether a claimant's subjective complaints are supported by substantial evidence.

affirm the decision of the ALJ.

    An appropriate order will be entered.

    Entered: September 29, 2016.

                                          */s/ Elizabeth K. Dillon*
                                          Elizabeth K. Dillon
                                          United States District Judge

10

Case 7:15-cv-00196-EKD-RSB   Document 29   Filed 09/29/16   Page 10 of 10   Pageid#: 632